UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ULTIMATE IMAGE, INC., *et al.*,

    Plaintiffs,

vs.

WILLIAM M. PEDERSEN, *et al.*,

    Defendants.

Case No. C05-1572RSL

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on plaintiffs' "Motion to Compel." Dkt. # 49. Defendant Foothills Toyota does not oppose the motion, but requests that it be given until September 15, 2006, to respond to plaintiffs' discovery requests in light of the recent major emergency surgery undergone by its owner.[1]

Although Foothills Toyota's memorandum is unsupported by any admissible evidence, the Court will assume that Ms. Nelson is a key client representative, that she has been incapacitated since late July 2006, and that she will not return to work at the dealership until after Labor Day. Defendant will not be required to respond to plaintiffs' discovery requests without the assistance of its owner, especially now that the trial date and discovery deadlines in this matter have been continued. See Dkt. # 60. Nevertheless, defendant's failure to serve

---

[1] Defendant Lynnwood Honda has responded to plaintiffs' discovery requests and plaintiffs have withdrawn their motion as to that defendant.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 1

1    timely responses in May 2006 and its subsequent failure to compile responses in July 2006, as
2    negotiated between the parties, has forced plaintiffs to incur expenses in making this motion.
3    An award of fees is, therefore, appropriate.

5             For all of the foregoing reasons, plaintiffs' motion to compel discovery responses
6    from Foothills Toyota is GRANTED.  Defendant shall serve full and complete discovery
7    responses and pay $200 to plaintiffs on or before September 15, 2006.[2]

9          DATED this 29th day of August, 2006.

*(signature)*
Robert S. Lasnik
United States District Judge

---

[2] The fee amount requested by plaintiffs has been reduced from $250 to $200.  Rule 37(a)(4) authorizes an award of "the reasonable expenses incurred in making the motion, including attorney's fees . . . ."  Costs associated with the discovery conference required by Rule 37(a)(2) were not "incurred in making the motion" to compel and are, therefore, not recoverable.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 2