UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ULTIMATE IMAGE, INC. and TOI, USA,

Plaintiffs,

v.

WILLIAM M. PEDERSEN, *et al.*,

Defendants.

Case No. C05-1572 RSL

ORDER GRANTING MOTION
FOR VOLUNTARY DISMISSAL

This matter comes before the Court on plaintiffs' "Motion for Voluntary Dismissal of Action Without Prejudice." (Dkt. #69). Ultimate Image, Inc. and TOI, USA ("plaintiffs") ask this Court to voluntarily dismiss their claims against all defendants. The defendants who filed counterclaims respond that dismissal will lead to a prejudicial result. For the reasons stated herein, the motion by plaintiffs is granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs seek to recover damages from certain former employees and clients for a panoply of federal and state causes of action. In their second amended complaint, plaintiffs asserted nine causes of action. Against their former employees, plaintiffs alleged: (1) common law conspiracy; (2) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(g)); (3) violation of the Lanham Act (15 U.S.C. § 1125); (4) copyright infringement; (5) conversion; (6)

ORDER GRANTING MOTION
FOR VOLUNTARY DISMISSAL - 1

violation of the Washington State Unfair Business Practices Act (RCW 19.86); and (7) violation of their duty of loyalty. Against their former clients, plaintiffs alleged (1) breach of contract and (2) defamation. Foothills Toyota and Lynwood Honda ("defendants"), counterclaimed for breach of contract and Rule 11 sanctions. Upon discovering that the federal causes of action would not yield sufficient remedy, plaintiffs moved to voluntarily dismiss all of the claims under Fed. R. Civ. P. 41(a)(2). Defendants object to the motion anticipating that dismissal of the claims will subject them to parallel litigation in state court.

## II.  DISCUSSION

### A.   Rule 41(a)(2)

Plaintiffs argue that the Court should dismiss their claims under Rule 41(a)(2) which specifically provides:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

Fed. R. Civ. P. 41(a)(2). The decision to grant the motion to dismiss rests within the discretion of the court. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980).

### B.   Jurisdiction over counterclaims

The court may dismiss the claim if the counterclaim possesses an independent basis for adjudication. Fed. R. Civ. P. 41(a)(2). Where the counterclaim revolves around state law, diversity jurisdiction may provide an appropriate basis. Pioche Mines Consol. v. Fidelity-Philadelphia Trust Co., 206 F.2d 336, 337 (9th Cir. 1953). Here, the parties to the counterclaim satisfy the citizenship requirement. Plaintiff Ultimate Image, Inc. is a California corporation with its principal place of business in California. TOI, USA is a Nevada corporation with its principal place of business in California. The counterclaiming defendants are citizens of Washington State. Although the citizenship of the parties satisfies diversity jurisdiction, the

counterclaims fail to meet the required amount in controversy.[1]  Thus, the state law counterclaims lack an independent basis for adjudication.

However, the court may dismiss plaintiffs' claims if the counterclaims are compulsory. In its discretion, the court may retain jurisdiction over any compulsory counterclaims regardless of whether an independent basis for adjudication exists.  Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 146 n.3 (9th Cir. 1982).  A compulsory counterclaim "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim[.]"  Fed. R. Civ. P. 13(a).  The Ninth Circuit applies the liberal "logical relationship" test to determine "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  In re Pegasus Gold Corp., 394 F.3d 1189, 1197 (9th Cir. 2005) (citing Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1249 (9th Cir. 1987)).

At present, the logical relationship test renders the counterclaims compulsory since they share the same factual basis as plaintiffs' claims.  In pertinent part, plaintiffs argue that defendants withheld payment in violation of an alleged agreement between the parties.  See Dkt. #62 at 15.  In turn, defendants counterclaim that their failure to pay was provoked by plaintiffs' alleged failure to meet its obligations under the same contract.  See Dkt. ##19, 33.  Thus, the Court may extend supplemental jurisdiction over defendants' compulsory counterclaims.

Ninth Circuit case law places the decision to exercise jurisdiction over compulsory counterclaims in the discretion of the court.  When a case loses its federal substance, the court

---

[1] Each defendant seeks a refund of $30,000.00 plus interest from plaintiffs based upon alleged agreements each defendant had with plaintiffs.  See Dkt. ## 19, 33.  Accordingly, their claims are not subject to aggregation.  Gibson v. Chrysler Corp., 261 F.3d 927, 943-44 (9th Cir. 2001) (finding that multiple plaintiffs may not aggregate their claims to satisfy the amount in controversy requirement where their claims are separate and do not implicate the same undivided interest).  Furthermore, neither defendants' counterclaims nor their response to plaintiffs' motion for voluntary dismissal alleged an amount in controversy for the purposes of establishing diversity jurisdiction.  See Dkt. ## 19, 33 and 70.

ORDER GRANTING MOTION
FOR VOLUNTARY DISMISSAL - 3

may decline jurisdiction over the remaining state law compulsory counterclaims. In Re Nucorp Energy Securities Litigation, 772 F.2d 1486, 1491 (9th Cir. 1985). Considerations of "judicial economy, convenience and fairness to the litigants" factor into the court's decision to exercise supplemental jurisdiction. In Re NuCorp, 772 F.2d at 1491 (citing Hagans v. Lavine, 415 U.S. 528, 546 (1974)). In the present matter, retention of the counterclaims likely invites parallel litigation in both state and federal court relating to state law issues. Therefore, notions of judicial economy do not favor exercising jurisdiction over the counterclaims. In addition, abstention from adjudication of the counterclaims does not offend fairness considerations. The parties may build upon their pretrial materials should either party decide to avail itself of the state court. In light of the circumstances, the Court declines to extend supplemental jurisdiction over defendants' counterclaims.

**C.    Rule 11 sanctions**

Defendants' counterclaim indicated an intent to seek Rule 11 sanctions against plaintiffs. It is recognized that "a voluntary dismissal does not limit the court's power to impose sanctions against plaintiff under Fed. R. Civ. P. 11 for filing groundless claims." Burnette v. Godshall, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990)). Accordingly, the Court retains jurisdiction to consider a post-dismissal motion for Rule 11 sanctions.[2]

**D.    Prejudice to the defendants**

The purpose of voluntary dismissal is to allow the plaintiff to dismiss its own action so long as the defendant does not suffer prejudice. Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989). Thus, the court must determine whether granting a voluntary

---

[2] Defendants are cautioned, however, that if they pursue a motion for Rule 11 sanctions, they must demonstrate a clear violation of the Rule. Furthermore, in the interest of judicial economy and to prevent parallel litigation, the Court will not decide a Rule 11 motion until the case is resolved either in this or another forum.

ORDER GRANTING MOTION
FOR VOLUNTARY DISMISSAL - 4

dismissal will subject the defendants to plain legal prejudice. Hamilton, 679 F.2d at 145. The Ninth Circuit defines plain legal prejudice as "just that - prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). Typically, a court denies dismissal where the plaintiff moves to dismiss on the eve of trial or at the conclusion of discovery. 9 Wright & Miller, Federal Practice & Procedure § 2364 (1995).

Defendants argue that dismissal will result in plain legal prejudice based upon the "significant expense" they invested in the case. See Response at 3. They also contest dismissal based upon the likelihood of defending the same action in state court. Ninth Circuit case law compels a different conclusion. First, defendants cannot demonstrate plain legal prejudice with a simple statement that significant costs have been incurred. Hamilton, 679 F.2d at 145. The case is still in the early stages of pre-trial preparations with only written discovery completed and no depositions taken. See Reply at 3. Second, the "mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." Hamilton, 679 F.2d at 145. Whether or not plaintiff may gain a tactical advantage from instituting a second suit does not enter the calculus for plain legal prejudice. Hamilton, 679 F.2d at 146 n.1. In sum, granting plaintiffs' dismissal does not give rise to plain legal prejudice against defendants.

**E.    Terms and Conditions**

The court may attach conditions to a voluntary dismissal in order to protect the defendant. Westlands Water Dist., 100 F.3d at 97. An award of costs and attorney's fees typically follows a grant of voluntary dismissal but the court is not obligated to do so. Stevedoring, 889 F.2d at 921. The costs and fees awarded should only cover work that the defendant cannot use in later litigation of the same claims. Westlands Water Dist., 100 F.3d at 97. The court may retain jurisdiction to hear collateral issues like the imposition of costs and fees after the voluntary dismissal of an action. Cooter & Gell, 496 U.S. at 395-396. While defendants have not submitted an application for costs, the Court retains jurisdiction to consider a post-dismissal

ORDER GRANTING MOTION
FOR VOLUNTARY DISMISSAL - 5

motion for costs.[3]

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' Motion for Voluntary Dismissal (Dkt. #69) and DISMISSES defendants' counterclaims without prejudice.

DATED this 20th day of November, 2006.

*MN S Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Defendants should present to the Court a detailed application for costs and fees incurred as a result of this dismissal. In response, if plaintiffs argue that all or some portion of defendants' fees and costs will be of value in subsequent litigation, plaintiffs must disclose whether they are in fact pursuing this matter in another forum. Defendants may then reply to any of plaintiffs' assertions.

ORDER GRANTING MOTION
FOR VOLUNTARY DISMISSAL - 6